SCOTT N. SCHOOLS, SC SBN 9990
United States Attorney
JOANN M. SWANSON, CSBN 88143
Assistant United States Attorney
Chief, Civil Division
MELANIE L. PROCTOR, CSBN 228971
Assistant United States Attorney

   450 Golden Gate Avenue, Box 36055
   San Francisco, California 94102
   Telephone: (415) 436-6730
   FAX: (415) 436-6927

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| HUEY-CHIANG LIOU,<br><br>           Plaintiff,<br><br>           v.<br><br>MICHAEL B. MUKASEY, * United States Attorney General; EMILIO GONZALEZ, Director, U.S. Citizenship and Immigration Services; SCOTT SCHOOLS, United States Attorney, California Northern District; ROSEMARY MELVILLE, San Francisco District Director, U.S. Citizenship and Immigration Services; ROBERT S. MUELLER, Director of Federal Bureau of Investigation,<br><br>           Defendants | No. C 07-5042 EDL<br><br>**ANSWER** |

    Defendants hereby submit their answer to Plaintiff's Complaint for Writ in the Nature of Mandamus Under 8 U.S.C. Section 1447(b).

    1. Paragraph One consists of Plaintiff's characterizations of law to which no responsive pleading is required; to the extent an answer is required, Defendants deny the allegations therein.

///

///

---

*Pursuant to Fed. R. Civ. P. 25(d)(1), Michael B. Mukasey is substituted for his predecessor, Peter D. Keisler, as the United States Attorney General.

ANSWER
07-5042 EDL                                  1

**PARTIES**

2. Defendants admit the first sentence of Paragraph Two. Defendants deny the remaining allegations.

3. Defendants deny the allegations in Paragraph Three.

4. Defendants admit the allegations in Paragraph Four.

5. Defendants admit the allegations in Paragraph Five.

6. Defendants admit the allegations in Paragraph Six.

7. Defendants admit the first sentence and deny the second sentence in Paragraph Seven.

**JURISDICTION**

8. Paragraph Eight consists of Plaintiff's allegation regarding jurisdiction, to which no responsive pleading is required; however, to the extent a responsive pleading is deemed necessary, Defendants deny that this Court has jurisdiction under any of the provisions cited in Paragraph Eight.

**VENUE**

9. Paragraph Nine consists of Plaintiff's allegations regarding venue, to which no responsive pleading is required.

**INTRADISTRICT ASSIGNMENT**

10. Paragraph Ten consists of Plaintiff's allegation regarding intradistrict assignment, to which no responsive pleading is required.

**EXHAUSTION OF REMEDIES**

11. Defendants deny that Plaintiff has exhausted his administrative remedies.

**CAUSE OF ACTION**

12. Defendants admit the allegations in Paragraph Twelve.

13. Defendants admit the allegations in Paragraph Thirteen.

14. Defendants deny the allegations in Paragraph Fourteen. Plaintiff was interviewed, not examined, on March 20, 2003.

15. Defendants deny the allegations in Paragraph Fifteen. Defendants sent Plaintiff a notice for an interview for March 20, 2003.

16. Defendants deny the first sentence in Paragraph Sixteen. Plaintiff was interviewed, not

ANSWER
07-5042 EDL                                           2

examined on March 20, 2003.  Defendants admit that Plaintiff has passed the English and Civics tests, and that his application has been pending for security checks.

17.  Defendants admit the allegations in Paragraph Seventeen.

18.  Defendants admit the allegations in Paragraph Eighteen.

19.  Defendants admit the allegations in Paragraph Nineteen.

25. Paragraph Twenty-Five[1] consists of Plaintiff's characterizations of law to which no responsive pleading is required; however, to the extent a responsive pleading is deemed necessary, Defendants are without sufficient information to admit or deny the allegations in this paragraph.

26.  Defendants deny the allegations in Paragraph Twenty-Six.

27.  Defendants deny the allegations in Paragraph Twenty-Seven.

28. Paragraph Twenty-Eight consists of Plaintiff's characterizations of law to which no responsive pleading is required; however, to the extent a responsive pleading is deemed necessary, Defendants are without sufficient information to admit or deny the allegations in this paragraph.

**PRAYER**

29.  Paragraph Twenty-Nine consists of Plaintiff's prayer for relief and request for fees, to which no admission or denial is required; to the extent a responsive pleading is deemed to be required, Defendants deny this paragraph.

**AFFIRMATIVE AND/OR OTHER DEFENSES**

All allegations not here before specifically admitted, denied, or modified are hereby denied. For further and separate answer, Defendants allege as follows:

**FIRST AFFIRMATIVE DEFENSE**

The Court lacks jurisdiction over the subject matter of this action.

**SECOND AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim against the Defendants upon which relief can be granted.

**THIRD AFFIRMATIVE DEFENSE**

No acts or omissions by the United States or its employees were the proximate cause of any injury or damages to the Plaintiff.

---

[1] The Complaint does not include Paragraphs 20-24.

ANSWER
07-5042 EDL                                                                 3

**FOURTH AFFIRMATIVE DEFENSE**

At all times alleged in the complaint, Defendants were acting with good faith, with justification, and pursuant to authority.

**FIFTH AFFIRMATIVE DEFENSE**

The Defendants are processing the application referred to in the Complaint to the extent possible at this time. Accordingly, no relief as prayed for is warranted.

WHEREFORE, Defendants pray for relief as follows:

That judgment be entered for Defendants and against Plaintiff, dismissing Plaintiff's Complaint with prejudice; that Plaintiff takes nothing; and that the Court grant such further relief as it deems just and proper under the circumstances.

Date: December 4, 2007                    Respectfully submitted,

SCOTT N. SCHOOLS
United States Attorney

  /s/
MELANIE L. PROCTOR
Assistant United States Attorney
Attorneys for Defendants